FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.

★ MAY 18 2015 ★

BROOKLYN OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------x

MAGALY E. HERIVEAUX,

    MEMORANDUM AND
    ORDER
    15-CV-2326 (ENV)

        Plaintiff,

        -against-

FEMA,

        Defendant.
-------------------------------------------------------------x
VITALIANO, United States District Judge.

Plaintiff Magaly E. Heriveaux, filed this *pro se* action on April 21, 2015.

On April 30, 2015, plaintiff filed an "Affidavit/Affirmation," which the Court

liberally construes as an amended complaint. The Court grants plaintiff's

request to proceed *in forma pauperis*, pursuant to 28 U.S.C. § 1915. For the

reasons discussed below, the action is dismissed.

## Background

Plaintiff's complaint and amended complaint are objectively

nonsensical and do not present any plausible claim.[1] Plaintiff seeks

---

[1] Plaintiff filed two other similar actions in this Court in recent months.
See Heriveaux v. Secretary of Defense, 15-CV-340 (ENV) (dismissed on
February 7, 2015 as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B)(I));
Heriveaux v. Federal Government, 14-CV-7105 (ENV) (dismissed on
December 11, 2014, pursuant to 28 U.S.C. § 1915(e)(2)(B)).

1

the withdrawal of individuals (i.e. workers, patrons, ect [sic]) from the portal, in order to discontinue any further security breaches. . . . I am requesting for the portal to shut down, since there are ongoing threats, acts of mental cruelty, obstructions, inducement and other civil and federal violations, which needs to be addressed.

Amend. Compl. at 1. Plaintiff is also

requesting $5,000,000, an encrypted e-mail be sent to all of the departments, the implementation and enforcement of my provisions, a ban/restrictions on all security breaches in the portal and solitary confinement for the individual responsible for my wrongful death.

Id. at 3. Additionally, plaintiff is

requesting that if there are any churches involved, such as the Mennonites, Jehovah Witness or any other dominations [sic] involved, I would like their assistance to have these illegal activities discontinue, to diminish any legal risks. These denominations and several others have come to my attention, from the individuals in the portal.

Id. at 4.

## Discussion

*Pro se* complaints are held to less stringent standards than pleadings drafted by attorneys and courts are required to read them liberally and interpret them as raising the strongest arguments they suggest. Erickson v. Pardus, 551 U.S. 89 (2007); Sealed Plaintiff v. Sealed Defendant #1, 537 F.3d 185, 191-93 (2d Cir. 2008). Moreover, at the pleadings stage of the litigation trial, the court must assume the truth of "all well-pleaded, nonconclusory

factual allegations" in the complaint. Kiobel v. Royal Dutch Petroleum Co.,

621 F.3d 111, 123 (2d Cir. 2010) (citing Ashcroft v. Iqbal, 556 U.S. 662, 678-79

(2009)). However, a *pro se* plaintiff must still plead sufficient facts to state a

claim that is plausible on its face. Triestman v. Fed. Bureau of Prisons, 470

F.3d 471, 474-75 (2d Cir. 2006).

Though, presumably, meaningful to her, Heriveaux's claims are

objectively inconceivable and can be dismissed as factually frivolous. "A

finding of factual frivolousness is appropriate when the facts alleged rise to

the level of the irrational or the wholly incredible whether or not there are

judicially noticeable facts available to contradict them." Denton v.

Hernandez, 504 U.S. 25, 33 (1992); Samuel v. Bloomberg, No. 13 Civ. 6027,

2013 WL 5887545, at * 1 (E.D.N.Y. Oct. 31, 2013). The allegations here--even

under the very liberal reading that must be accorded *pro se* pleadings (and

even if plaintiff believes them to be true)--can only be described as "fanciful,"

"fantastic," and "delusional." See Denton, 504 U.S. at 33. Since the

statements set forth in plaintiff's complaint and amended complaint are

devoid of any basis in law or fact, defects which cannot be cured by another

amendment, this frivolous action is dismissed. Cuoco v. Moritsugu, 222 F.3d

99, 112 (2d Cir. 2000).

## Conclusion

Accordingly, the action is dismissed as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B)(i). Plaintiff is hereby warned that the future filing of non-meritorious complaints requesting *in forma pauperis* status may result in the issuance of an order barring the acceptance of any subsequent complaints for filing without first obtaining leave of court to do so. 28 U.S.C. §1651.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal would not be taken in good faith and therefore *in forma pauperis* status is denied for purpose of an appeal. Coppedge v. United States, 369 U.S. 438, 444-45 (1962).

The Clerk of Court is directed to enter judgment for defendant and to close this case.

So Ordered.

s/Eric N. Vitaliano

ERIC N. VITALIANO
United States District Court

Dated:     Brooklyn, New York
           May 10, 2015